UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ROCHE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOLLAR TREE STORES, INC.; and DOES 1-10,<br><br>Defendants. | No. 2:23−CV−02262−KJM−KJN<br><br>ORDER |

Plaintiff Brian Roche and defendant Dollar Tree Stores, Inc. (collectively, the parties) filed a joint stipulation to dismiss plaintiff's putative class claims under Rule 23(e), to dismiss plaintiff's representative PAGA claim with prejudice under Rule 41(a)(1)(A)(ii) and to stay the remaining individual claims pending arbitration. Stip., ECF No. 8. As explained below, the court **approves** the stipulation to dismiss the putative class claims, **construes** the stipulation to remove the representative PAGA claim as a request for leave to amend the complaint under Rule 15(a)(2) and **stays** the remaining individual claims pending arbitration.

Plaintiff filed this action in El Dorado County Superior Court against Dollar Tree, asserting seven claims on behalf of himself and a putative class of all current and/or former Dollar Tree non-exempt employees. *See* Compl., Not. of Removal Ex. A, ECF No. 1. Plaintiff

1 subsequently filed a first amended complaint adding an additional individual and representative
2 claim under the California Private Attorneys' General Act (PAGA), California Labor Code
3 section 2698 *et seq.*  *See* FAC, Not. of Removal Ex. D, ECF No. 1.  Plaintiff also names Does as
4 defendants, but has not identified any of the Does at this point.[1]  *Id.*  Dollar Tree removed the
5 case, *see* Not. of Removal, ECF No.1, filed a motion to dismiss, *see* Mot. to Dismiss, ECF No. 6,
6 and filed a motion to compel arbitration and stay the representative PAGA claim if it was not
7 dismissed.  *See* Mot. to Compel, ECF No. 7.  The parties then filed the instant stipulation.

8        The court first examines the parties' stipulation to dismiss plaintiff's putative class claims.
9 As provided by Rule 23(e) "[t]he claims, issues, or defenses of a certified class—or a class
10 proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or
11 compromised only with the court's approval."  Fed. R. Civ. P. 23(e).  However, following the
12 2003 amendments to the rule, the advisory committee's note confirmed, "[t]he new rule requires
13 approval only if the claims, issues, or defenses of a certified class are resolved by a settlement,
14 voluntary dismissal, or compromise."  Fed. R. Civ. P. 23(e) advisory committee's note to 2003
15 amendment.  Following the 2018 amendment, the advisory committee's note further clarified,
16 "[t]he introductory paragraph of Rule 23(e) is amended to make explicit that its procedural
17 requirements apply in instances in which the court has not certified a class at the time that a
18 proposed settlement is presented to the court."  Fed. R. Civ. P. 23(e) advisory committee's note to
19 2018 amendment.  Here, because the court has not certified a class and plaintiff has not proposed
20 a class to be certified for purposes of settlement in this case, the court need not approve the
21 parties' stipulation.

22        Nevertheless, Rule 23(d)(1) allows the court to "issue orders that . . . require—to protect
23 class members and fairly conduct the action—giving appropriate notice to some or all class
24 members of . . . any step in the action[.]"  Fed. R. Civ. P. 23(d)(1)(B)(i); *see also Del Rio v.*

---

[1] If a defendant's identity is unknown when the complaint is filed, plaintiffs have an opportunity through discovery to identify them.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  But the court will dismiss such unnamed defendants if discovery clearly would not uncover their identities or if the complaint would clearly be dismissed on other grounds.  *Id.* at 642.  The federal rules also provide for dismissing unnamed defendants that, absent good cause, are not served within 90 days of the complaint.  Fed. R. Civ. P. 4(m).

1 *CreditAnswers, LLC*, No. 10-346, 2011 WL 1869881, at *2 (S.D. Cal. May 16, 2011).  Similarly, the court also may consider "whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members with a reasonable reliance expectation of the maintenance of the action for the protection of their interests," and the court may "inquire into possible prejudice from . . . lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations."  *Del Rio*, 2011 WL 1869881, at *2–3 (internal quotation marks and citations omitted).

Here, it does not appear dismissal of the plaintiff's putative class claims asserted in the first through seventh claims for relief will result in prejudice to the putative class members.  No notices have been sent to the putative class members and potential class members are unlikely to have relied on this action to vindicate their interests.  *See* Stip. at 2, ECF No. 8.  *See, e.g.*, *Castro v. Zenith Acquisition Corp.*, No. 06-04163, 2007 WL 81905, at *2 (N.D. Cal. Jan. 9, 2007).  Therefore, the court approves the parties' stipulation to dismiss the putative class action.

The court next examines the parties' stipulated agreement to dismiss plaintiff's representative PAGA claim with prejudice under Rule 41(a)(1)(A)(ii).  Plaintiff may dismiss an action without a court order under Rule 41(a)(1)(A)(ii).  However, the Ninth Circuit has specifically held Rule 41(a) "governs dismissals of *entire actions*, not of individual claims."  *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (emphasis in original).  "Instead, withdrawals of individual claims against a given defendant are governed by Fed. R. Civ. P. 15, which addresses amendments to pleadings."  *Id.* (internal citation omitted).  Therefore, the court will construe the parties' stipulation to remove the representative PAGA claim as a request for leave to amend the complaint under Rule 15.

Rule 15 permits a party to amend its complaint with the court's permission.  *See* Fed. R. Civ. P. 15 (a)(2).  "The court should freely give leave when justice so requires."  *Id.*  The Ninth Circuit has long "stressed Rule 15's policy of favoring amendments" and has "applied this policy with liberality."  *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (internal citations omitted).  Courts typically deny requests to amend only when there is an apparent reason, such as undue delay or prejudice to the opposing party by virtue of allowing the

amendment.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  This is not such a case, and consequently an amendment is appropriate.

Accordingly, based on the parties' stipulation and given the above, the court hereby ORDERS:

1. Plaintiff's class claims asserted in his first through seventh claims for relief, as reflected in the first amended complaint, are **dismissed**.
2. Plaintiff's first amended complaint is **deemed amended** and the representative PAGA claim is no longer asserted against defendants.  The parties shall serve this order on the California Labor Workforce Development agency.
3. In light of plaintiff's stated intention to submit to arbitration (i) his individual claims for relief framed by his first through seventh claims for relief and (ii) his individual PAGA claim, those claims are **stayed** before this court consistent with Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3.
4. The parties are directed to **file a joint notice** within fourteen (14) days after arbitration is completed, reporting the outcome and its implications for this action.
5. Each party will bear its and/or its own attorneys' fees and costs.

Lastly, the **court denies Dollar Tree's motion to dismiss, ECF No. 6, and motion to compel arbitration, ECF No. 7, as moot.** The hearing scheduled for December 8, 2023, is VACATED.

This order resolves ECF Nos. 6, 7 and 8.

IT IS SO ORDERED.

DATED:  November 28, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE

4